UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANE M. ABRAMAITYS,

                      Plaintiff,        **1:16-cv-00660 (MAT)**

                                              **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                      Defendant.

---

## I. Introduction

Represented by counsel, Jane M. Abramaitys ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("defendant" or "the Commissioner") denying her application for disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and defendant's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff filed an application for DIB in April 2013, alleging disability due to major depressive disorder, panic disorder, anxiety disorder, fibromyalgia, xanax dependency, and thyroid disorder, with an alleged onset date of December 31, 2008. Amended Administrative Transcript ("T.") 60-61.[2] Plaintiff's application was denied on August 9, 2013, T. 71-74, and she timely requested a hearing before an administrative law judge ("ALJ"). T. 77-78. ALJ Donald T. McDougall held a hearing On February 10, 2015. T. 411-40. On March 31, 2015, ALJ McDougall issued a decision in which he found plaintiff was not disabled as defined in the Act. T. 10-28. The Appeals Council denied plaintiff's request for review on May 24, 2016. T. 1-6. This action followed.

The Court assumes the parties' familiarity with the facts of this case, which will not be repeated here. The Court will discuss the record further below as necessary to the resolution of the parties' contentions.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2013. T. 15. At step one of the five-step sequential evaluation, *see* 20 C.F.R. § 404.1520, the ALJ found that plaintiff had not engaged in

---

[2] As discussed below, the initially filed Administrative Transcript in this matter inadvertently contained materials not related to plaintiff, and is to be stricken from the docket. Accordingly, the Court's references are to the Amended Administrative Transcript (Docket Nos. 15, 15-1).

2

substantial gainful activity since December 31, 2008, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of degenerative disc disease, depression, and anxiety. T. 15-17. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 17-18. Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b). T. 18-23. The ALJ added the following limitations: 1) plaintiff had to change positions briefly, for one to two minutes, at least every one-half hour; 2) plaintiff could not do any overhead work; 3) plaintiff should not be required to bend more than 45 degrees and no more than occasional bending to that level; 4) plaintiff could not kneel or crawl; 5) plaintiff should have no more than frequent contact with the general public, co-workers, or supervisors (in person or by phone); 6) plaintiff should not be in a fast-paced, assembly line, or other quota work; 7) plaintiff can balance, stoop, crouch, and climb stairs or ramps no more than occasionally; and 8) plaintiff should not work near heights or dangerous, moving machinery. *Id.* At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 23. At step five, the ALJ found, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national

economy that plaintiff can perform. T. 23-25. Accordingly, the ALJ found that plaintiff was not disabled. T. 25.

**IV. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**V. Discussion**

Here, plaintiff makes the following arguments in support of her motion for judgment on the pleadings: 1) the ALJ failed to properly consider medical listing 1.04A at step three, 2) the ALJ failed to develop the record by obtaining an RFC opinion from a treating physician, and 3) the ALJ's step five finding is not based on substantial evidence.[3] For the reasons set forth below,

---

[3] In her reply memorandum of law, plaintiff conceded her argument, based on the corrected hearing transcript, that the hypotheticals given at the hearing to the vocational expert did not match the limitations contained in the RFC. Docket No. 19 at 4.

4

plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and defendant's motion is denied.

### A. The ALJ's Step Three Finding as to Listing 1.04A

Plaintiff argues that her spinal impairments met or medically equaled the criteria for Listing 1.04A, and therefore a finding of disabled was appropriate at step three of the sequential evaluation. Docket No. 8 at 12. Defendants contend that plaintiff's physical examinations did not establish many of the elements required to evidence nerve root compression and therefore the ALJ's decision was supported by substantial evidence. Docket No. 16 at 18.

"The Social Security regulations list certain impairments, any of which is sufficient, at step three, to create an irrebuttable presumption of disability." *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "The regulations also provide for a finding of such a disability *per se* if an individual has an impairment that is 'equal to' a listed impairment." *Id.* (citing 20 C.F.R. 404.1520(d) ("If you have an impairment(s) which . . . is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.")).

Individuals suffering a disorder of the spine are disabled *per se* if they meet the criteria specified in the regulations. The specific listing plaintiff claims the ALJ should have considered is

Listing 1.04(A), which provides that an individual is presumptively disabled if he or she suffers from "degenerative disc disease . . . resulting in compromise of a nerve root," with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). It is the plaintiff's burden to "demonstrate that [her] disability [meets] '*all* of the specified medical criteria' of a spinal disorder." *Otts v. Comm'r*, 249 Fed. Appx. 887, 888 (2d Cir. 2007) (emphasis in original) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530 (citation omitted).

At step three, the ALJ found:

> The objective record . . . does not demonstrate evidence of a disorder of the spine resulting in compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, or motor loss accompanied by sensory or reflex loss and positive straight leg raising test; spinal arachnoiditis; or lumbar spinal stenosis, as required by Listing 1.04.

T. 17.

6

"When a claimant's symptoms appear to match those described in a listing, the ALJ must explain a finding of ineligibility based on the Listings." *Cardillo v. Colvin*, 2017 WL 1274181, at *4 (N.D.N.Y. Mar. 24, 2017). "Mere assertions that a claimant's impairments do not meet the severity of specific listings, without more, do not constitute the 'specific factual findings' necessary for denying a disability claim." *Gentry v. Colvin*, 2015 WL 3823740, at *5 (W.D.N.Y. June 19, 2015) (quoting *Wood v. Colvin*, 987 F.Supp.2d 180, 192–93 (N.D.N.Y. 2013)). Based on the ALJ's conclusory finding here (basically paraphrasing the requirements of Listing 1.04A), the Court cannot determine whether the ALJ applied the correct legal standards in evaluating plaintiff's limitations and whether the ALJ's finding is supported by substantial evidence. *Wood*, 987 F.Supp.2d at 192–93 (remanding where ALJ explained that medical evidence did not document that claimant had lost gait and station or motor functioning without specific reference to anything in record). The Court acknowledges that the evidence as to whether plaintiff's impairment meets or equals the requirements of Listing 1.04(A) appears to be susceptible to multiple interpretations. However, it is not the function of this Court to weigh the medical evidence and determine if plaintiff meets the listing requirements. It is the Commissioner's function to make that determination and, in this case, the ALJ failed to do so in a manner that allows for meaningful review.

"Remand is appropriate where a[n] [ALJ] fails sufficiently to

7

articulate the basis for his denial of disability benefits such that the reviewing court 'cannot determine whether the ALJ's conclusion was based on a correct application of the law and whether there is substantial evidence in the record to support it.'" *See Wood*, 987 F.Supp.2d at 193 (quoting *Aponte v. Secretary, Dep't of Health and Human Servs.*, 728 F.2d 588, 593 (2d Cir.1984)); *accord Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir.1987) ("Because of the lack of specificity of the ALJ's decision and the inconclusiveness of the record, it is appropriate to remand the case . . . to ensure that the correct legal principles are applied."). On remand, the ALJ should evaluate whether plaintiff's degenerative disc disease, as evidenced in the record, matches or medically equals the criteria shown for disorders of the spine in section 1.04 and 1.04A of Appendix 1, as well as the criteria of any other applicable listed impairment that the record reasonably suggests plaintiff's impairment may match, and should sufficiently explain his findings.

**B. The Court Declines to Reach Plaintiff's Remaining Argument**

Plaintiff also argues that the ALJ failed to adequately develop the administrative record. Docket No. 8 at 17. Because the Court has determined that remand is required for the ALJ to set forth specific findings with respect to step three, it need not reach this issue. On remand and after evaluating whether plaintiff's degenerative disc disease matches or medically equals

1.04 and 1.04A and providing specific findings, the Commissioner should revisit whether there are any obvious gaps in the record with respect to plaintiff's medically determinable impairments in light of the record as a whole.

### C. The Commissioner's Motion to Strike is Granted

In addition to the parties' competing motions for judgment on the pleadings, the Commissioner has also filed a motion to strike. Docket No. 14. The Commissioner explains that medical records and administrative materials relating to a claimant other than plaintiff were inadvertently included in the initially filed Administrative Transcript, and were removed in the Amended Administrative Transcript filed on August 4, 2017. In order to protect the privacy interest of the non-party claimant whose materials were inadvertently filed, the Commissioner asks the Court to order that the initially filed Administrative Transcript (Docket No. 5) be removed from the docket. Plaintiff has not objected to the Commissioner's request, and the Court finds that it is appropriate under the circumstances. Accordingly, the Commissioner's motion to strike is granted and the Clerk of the Court is instructed to remove the initially filed Administrative Transcript from the docket in this matter.

## VI. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings(Docket No. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative

proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 16) is denied. The Commissioner's motion to strike (Docket No. 14) is granted. The Clerk of the Court is directed to remove the originally filed Administrative Transcript (Docket No. 5) from the docket in this matter and to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   October 6, 2017
         Rochester, New York.